# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Kimberly Israel,

              Plaintiff,                    Civil Action 2:08-cv-0004

          v.                            Judge Smith

Michael J. Astrue,               Magistrate Judge Abel
Commissioner of Social Security,

              Defendant

## ORDER

This matter is before the Court on plaintiff Kimberly Israel's October 24, 2008 objections to Magistrate Judge Abel's October 7, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Israel is not disabled within the meaning of the Act. The Court further finds that plaintiff has failed to satisfy the requirements for remand under the sixth sentence of 42 U.S.C. §405 (g). For the reasons set out below, the Court concludes that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Kimberly Israel maintains that she became disabled at age 32 by problems with her left foot. At the time of the hearing before the administrative law judge she was a 36 years old high school graduate who had worked as a cashier, customer service representative, and as a nursing home assistant. She had had 9 surgeries on the foot. The administrative law judge concluded that Israel retained the ability to perform a reduced range of jobs having sedentary exertional demands.

Plaintiff argues that (1) Israel is entitled to remand for the administrative law judge to consider medical records submitted after the record before the judge issued his decision; (2) Israel's repeated left foot surgeries demonstrate that she is unable to sustain work activity; and (3) Israel's need to elevate her foot prevents her from performing sedentary work.

Remand.  The administrative hearing was held December 15, 2005.  The administrative law judge issued his decision June 13, 2006.  At the conclusion of the administrative hearing, the administrative law judge asked plaintiff's counsel: "You want [to] add any further testimony before I adjourn the hearing and close the record?"  Plaintiff's counsel responded, "No, Your Honor."  The administrative law judge then said, "I officially adjourn the hearing and close the record . . . ."  (R. 384.)

On January 24, 2006,'s counsel transmitted to the administrative law judge patient records from OSU East dating from May 14, 2004 to November 7, 2005.  He gave no explanation as to why those records had not been submitted to the administrative law judge at the December 15, 2005 hearing.  On June 16, 2006, plaintiff's counsel transmitted to the administrative law judge a report of a foot surgery performed April 28, 2006 by Alan J. Block, a podiatrist.

When the Appeals Council denies a claimant's request for review, the decision of the administrative law judge becomes the final decision of the Commissioner.  *Casey v. Secy. of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  This Court reviews the administrative law judge's decision, not that of the Appeals Council denying the request for review.  *Id.*  Consequently, only evidence of record before the

2

administrative law judge may be considered by the District Court in reviewing the final decision of the Commissioner of Social Security denying benefits. *Cline v. Comm'r. of Social Security*, 96 F.3d 146, 148-49 (6th Cir. 1996). A claimant may seek remand so that the evidence presented to the Appeals Council can be considered by the administrative law judge. *Id.*; *Gartman v. Apfel*, 220 F.3d 918, 922 (8th Cir. 2000).

Section 405(g), sentence six, provides, in relevant part:

> The court may . . . at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

The evidence supporting a motion to remand must be both new and material. *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996). Evidence is "new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). It is material "only if there is 'a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence.' *Sizemore v. Secretary of Health & Human Services*, 865 F.2d 709, 711 (6th Cir. 1988)." *Id.* Good cause is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Willis v. Secretary of Health & Human Services*, 727 F.2d 551, 554 (1984)(per curiam). *Id.* Merely cumulative evidence does not establish good cause for a remand. *Borman v. Heckler*, 706 F.2d 564, 568 (6th Cir. 1983); *Carroll v. Califano*, 619 F.2d

1157, 1162 (6th Cir. 1980). The plaintiff has the burden of establishing that the evidence

is new and material and that there is good cause for not having presented the evidence

to the Administrative Law Judge. *Id.*, citing, *Oliver v. Secretary of Health & Human

Services,* 804 F.2d 964, 966 (6th Cir. 1986).

Here the treatment records from OSU East are not"new" because they were in

existence before the December 15, 2005 administrative hearing. Further, plaintiff has

failed to demonstrate "good cause" for not submitting them at the administrative

hearing. While the April 28, 2006 for the surgery report is "new" evidence, the

Magistrate Judge did not err in concluding that it was cumulative and therefore not

"material" within the meaning of 42 U.S.C. §405 (g), Sentence 6.

<u>Ability to sustain work activity</u>. Upon a review of the record as a whole, the

Court determines that there is substantial evidence supporting the administrative law

judge's decision that Israel's foot problems did not prevent her from working for a

period of 12 months or longer. No treating physician has reported that Israel is unable

to work. She did have 9 surgeries between March 2001 and October 2005. However,

her testimony that it took her at least 3 months to recover from a surgery is not fully

credible. It may have taken her that long to recover from one or more of the surgeries,

but certainly not all of them. See October 7, 2008 Report and Recommendation, at p. 26.

Despite Israel asking treators to give her work excuses, they refused to do so.

<u>Need to elevate foot</u>. From a review of the record as a whole, the Court

concludes that the administrative law judge did not err in failing to fully credit Israel's

testimony that she would need to frequently elevate her foot at work. There is no

mention in any of the medical records that Israel needs to elevate her foot on a regular basis.  No treator has imposed the job restriction that she do so.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**